# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| FRANCES MICHENER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-1657 (RC) |
| | : | | |
| v. | : | Re Document No.: | 12 |
| | : | | |
| ANDREW SAUL[1] and | : | | |
| SOCIAL SECURITY ADMINISTRATION, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

The Social Security Administration applies a provision of federal law to reduce the Social Security benefits of individuals who also receive pension benefits from a foreign government. For years, Steven Rosell and Frances Michener were among those affected by this reduction. Believing it to be unlawful, they brought this putative class action against the agency and its Commissioner on behalf of individuals whose benefits have been similarly lowered. But as the Court will explain below, venue is improper in this district under the Social Security Act. The Court therefore grants Defendants' motion to dismiss in part and transfers the case to the appropriate forum, the Northern District of California.

By brief way of background, Title II of the Social Security Act, 42 U.S.C. §§ 401–34, "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988). To support payment of those benefits, many workers in the United States are taxed. "The expectation is that, having contributed to the

---

[1] Andrew Saul is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

national economy while actively employed, those workers will later become eligible beneficiaries" of the Social Security system, rather than supporters of it. *Eshel v. Comm'r of IRS*, 831 F.3d 512, 514 (D.C. Cir. 2016). Certain jobs are exempt from Social Security taxes, however. "This non-covered employment is often federal employment that, prior to 1984, was exempt from Social Security taxes because federal employees contributed to the federal civil service pension which was 'designed to take the place both of social security and a private pension plan for workers who remain[ed] in [federal] employment throughout their careers." *Petersen v. Astrue*, 633 F.3d 633, 634 (8th Cir. 2011) (second alteration in original) (quoting H.R. Rep. No. 98-25, at 22 (1983)).

Given the existence of non-covered employment, the Social Security Act contains a "windfall elimination provision" ("WEP"), *see* 42 U.S.C. § 415(a)(7), which "seeks to preserve the progressive nature of the Social Security system by ensuring that the formula [the Social Security Administration] uses to calculate benefits does not advantage high-income workers who split their careers between covered and non-covered employment over those who paid Social Security taxes for their entire careers," *Hawrelak v. Colvin*, 667 F. App'x 161, 162 (7th Cir. 2016). To accomplish that goal, the WEP "reduces the benefits received by certain individuals who also receive pensions for work that did not require them to pay social security taxes." *Id.* Thus, with respect to the above-mentioned pre-1984 federal employees, the WEP requires that benefits be calculated under a modified formula that accounts for their civil service pension benefits. *See Petersen*, 633 F.3d at 635.

The WEP is potentially relevant to other individuals too, though. The claims in this case result from its application to individuals who, in addition to Social Security benefits, also receive pension benefits from a foreign government based on work performed in that foreign county.

2

Plaintiff Frances Michener originally brought the case with her husband, Steven Rosell, but after Rosell passed away, she was substituted as the sole Plaintiff, proceeding both in her individual capacity and as executor of her late husband's estate.  *See* Order Granting Mot. to Substitute, ECF No. 20.  Rosell worked in Canada from 1976 to 1990 and in the United States from 1990 to 2012, so from 2013 until his death, he received benefits from both the Canada Pension Plan and the U.S. Social Security system.  *See* Compl. ¶¶ 1, 25–26, ECF No. 1.  Michener, meanwhile, received a spousal benefit based on her husband's Social Security entitlement.  *Id.* ¶ 2.

The Social Security Administration, however, consistently reduced Rosell's and Michener's benefit awards under the WEP to account for Rosell's Canadian pension.  *Id.* ¶¶ 1–2.  Michener's complaint raises three challenges to those reductions.  Count One alleges that the reductions violate the terms of the WEP itself; Count Two claims that the reductions violate the Social Security Administration's implementing regulations; and Count Three claims that the reductions violate a bilateral agreement between the United States and Canada that governs the payment of pension benefits.  *See id.* ¶¶ 53–67.  Michener also asks that the Court certify a class of all individuals whose Social Security benefits or spousal benefits have been similarly reduced under the WEP based on receipt of pension benefits from another country with which the United States has entered into a bilateral agreement like the one with Canada.  *See* Mem. Supp. Mot. to Certify Class at 8, ECF No. 9.

The Social Security Administration's response is that Michener's complaint should be dismissed for improper venue.  This objection is grounded in two provisions of the Social Security Act.  The first, 42 U.S.C. § 405(h), states that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [28 U.S.C. §§ 1331 or 1346] to recover on any claim arising under this subchapter."  This provision

3

thus "precludes federal-question jurisdiction in an action challenging [the] denial of claimed [Social Security] benefits." *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). And it means that the "sole avenue for judicial review" in such a case is the Social Security Act's specific judicial review provision, 42 U.S.C. § 405(g). *Heckler v. Ringer*, 466 U.S. 602, 615 (1984).

That judicial review provision is the second provision relevant here. It contains two requirements that any plaintiff must satisfy to bring suit. One is an administrative exhaustion requirement—part of which is waivable, but part of which is jurisdictional and nonwaivable. *See Eldridge*, 424 U.S. at 328; 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action."). The other is a special venue requirement, which states that the "action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g).

For present purposes, there is no dispute that Rosell and Michener complied with the exhaustion requirement. The venue requirement, however, poses a potential problem. "[T]he law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives." *Murdoch v. Rosenberg & Assocs., LLC*, 875 F. Supp. 2d 6, 11 (D.D.C. 2012) (quoting *Cook v. UBS Fin. Servs., Inc.*, No. 05 Civ. 8842(SHS), 2006 WL 760284, at *6 n.2 (S.D.N.Y. Mar. 21, 2006)). And here, Michener resides in San Rafael, California, *see* Compl. ¶ 2, located in the Northern District of California. For venue to be proper in this Court, then, Michener must identify some reason that § 405(g) and § 405(h) do not apply to her claims.

Michener is unable to do that. The Supreme Court has construed § 405(h) "quite broadly to include any claims in which 'both the standing and the substantive basis for the presentation' of the claims is the Social Security Act." *Ringer*, 466 U.S. at 615 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 761 (1975)). Michener's claims easily fall within that category. As already noted, Count One is grounded entirely in the WEP, which is contained within the Social Security Act. Count Two claims a violation of agency regulations, which were promulgated under authority granted by the Act. *See* 20 C.F.R., ch. III, pt. 404, subpt. A (providing that authority for regulations is various provisions of the Social Security Act). And even Count Three, the one based on the bilateral agreement with Canada, falls within § 405(h)'s scope because such international agreements are themselves products of the Act. *See* 42 U.S.C. § 433(a) ("The President is authorized . . . to enter into agreements establishing totalization arrangements between the social security system established by this subchapter and the social security system of any foreign country.").

Nonetheless, Michener contends that she is not bound by § 405(g)'s venue requirement because she says that these claims are collateral to any individual benefits determination. Citing *Vencor Nursing Centers, L.P. v. Shalala*, 63 F. Supp. 2d 1, 6 (D.D.C. 1999), she argues that such collateral claims are governed by the general venue statute, 28 U.S.C. § 1391. But the Court respectfully disagrees with *Vencor Nursing*. Critical to that case's venue holding was its conclusion that § 405(g) did not apply to collateral claims at all and that jurisdiction over such claims was instead authorized by the federal-question statute, 28 U.S.C. § 1331. This reasoning is irreconcilable with the Supreme Court's decision in *Mathews v. Eldridge*, though, which makes clear that the collateral nature of a claim has relevance only for determining whether the non-jurisdictional component of § 405(g)'s exhaustion requirement should be waived.

5

The claim at issue in *Eldridge* was a challenge to the Social Security benefits termination procedure: the plaintiff claimed that the due process clause afforded him the right to an evidentiary hearing before his benefits were terminated. *See* 424 U.S. at 325–26. This constitutional challenge, the Supreme Court held, was "entirely collateral" to the plaintiff's "substantive claim of entitlement" under the Social Security Act. *Id.* at 330. The plaintiff therefore did not need to exhaust "the full set of internal-review procedures" provided by the agency. *Id.* But in waiving that part of the exhaustion requirement, the Court maintained that jurisdiction still existed under § 405(g)—not § 1331. *See id.* at 332 ("We conclude that the denial of Eldridge's request for benefits constitutes a final decision for purposes of § 405(g) jurisdiction over his constitutional claim."); *id.* at 332 n.12 ("[J]urisdiction in the District Court was proper under [§] 405(g).").

This jurisdictional conclusion makes complete sense in light of the fact that § 405(h), again, precludes federal-question jurisdiction over "any claim arising under" the Social Security Act—a class of claims that is "quite broad[]" and would seem to include collateral ones. *Ringer*, 466 U.S. at 615. Thus, in the words of the Supreme Court, "an exception to exhaustion" applies to collateral claims—but just an exception and nothing more. *Id.* at 618. Indeed, other than *Vencor Nursing* and perhaps one additional outlier, *see Libbie Rehabilitation Ctr., Inc. v. Shalala*, 26 F. Supp. 2d 128, 130–31 (D.D.C. 1998),[2] courts appear to have consistently recognized that whether a claim is collateral has relevance only for exhaustion purposes, *see,*

---

[2] *Libbie Rehabilitation*, on which *Vencor Nursing* relied, did not say expressly that § 1331 provides jurisdiction over collateral claims, but it did say that collateral claims "fall[] outside the jurisdiction restrictions of §§ 405(g) and 405(h)." 26 F. Supp. 2d at 131. As the Court noted above, that cannot be squared with *Mathews v. Eldridge*.

*e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 483 (1986); *Ryan v. Bentsen*, 12 F.3d 245, 247–48 (D.C. Cir. 1993); *Suarez v. Colvin*, 140 F. Supp. 3d 94, 98–100 (D.D.C. 2015).

Assuming for the sake of argument, then, that Michener's claims here are properly considered collateral, that fact is irrelevant to the issue of jurisdiction or venue. As the Court already explained, the claims still "aris[e] under" the Social Security Act within the meaning of § 405(h), which means that jurisdiction is proper under § 405(g), not § 1331. And when § 405(g) provides jurisdiction, there is no basis for ignoring that provision's specific venue requirement. It states, without qualification, that "[s]uch action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g). Here, Michener resides in the Northern District of California, and there is no allegation that she has a principal place of business elsewhere. *See* Compl. ¶ 2. Venue is therefore improper in the District of Columbia.

The Court does not, however, believe that dismissal is warranted under these circumstances. Nothing in § 405(g) mandates dismissal when a case is initiated in the incorrect forum, and 28 U.S.C. § 1406(a) authorizes district courts to transfer cases to the correct forum "in the interest of justice." Indeed, transfer is generally preferred to dismissal, unless the "claims have 'obvious substantive problems.'" *Lemon v. Kramer*, 270 F. Supp. 3d 125, 140 (D.D.C. 2017) (quoting *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010)). In this case, the Social Security Administration has not identified any such problem, and no problem is immediately apparent to the Court. The Court will accordingly transfer the case to the Northern District of California. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 18, 2019                                              RUDOLPH CONTRERAS
                                                                                               United States District Judge